

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREMY WILLIAM AMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-21-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On October 29, 2021, the United States Magistrate Judge entered a Findings, Conclusions, and Recommendation ("FCR") in this case (ECF No. 23). The Magistrate Judge recommended the Court deny the Petition for a Writ of Habeas Corpus filed by Jeremy William Amero ("Petitioner"). ECF No. 23 at 42. On November 12, 2021, Director, TDCJ-CID ("Respondent") filed timely Objections to the FCR (ECF No. 25). On November 22, 2021, Respondent filed a Brief in Support of Objections to the FCR (ECF No. 27).

After making an independent review of the pleadings, files, and records in this case, as well as Respondent's Objections, the Court **OVERRULES** Respondent's Objections[1] and **ADOPTS** the FCR of the Magistrate Judge. The Court **DENIES** Petitioner's request for an evidentiary hearing. The Petition for a Writ of Habeas Corpus (ECF No. 3) is **DENIED**.

---

[1] Unlike the cases of equitable tolling Respondent cites in his Objections, the present case is Petitioner's second habeas proceeding before this Court. *See Amero v. Director, TDCJ-CID*, No. 2:19-CV-195-Z-BR, 2021 WL 4391647 (N.D. Tex. Sept. 24, 2021) (prior proceeding). The Court agrees with the Magistrate Judge's finding that — just as in his prior habeas proceeding — Petitioner reasonably relied on Respondent's assertion that "further factual development was necessary." ECF No. 23 at 15. That is, Petitioner reasonably "rel[ied] upon the State's expressed position that further factual development would take place prior to the resolution of his ineffective assistance claims." *Id*. But that factual development did not occur, despite Petitioner's patience. Petitioner's reasonable reliance on the State's statement caused him to delay filing his federal application until the further factual development happened. Petitioner's expectation that further factual development would occur combined with Respondent's delay in notifying Petitioner of the disposition of his state habeas applications warrants a grant of equitable tolling.

Considering the record and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011).

The Court **ADOPTS** and incorporates by reference the Magistrate Judge's FCR filed in this case in support of its finding that Petitioner has failed to show reasonable jurists would find: (1) this Court's "assessment of the constitutional claims debatable or wrong" or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

January 28, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE